UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GIBBS DIE CASTING CORP.,

      Plaintiff,

                                      Case No. 2:13-CV-11236

v.

                                      Hon. Victoria A. Roberts

TRW AUTOMOTIVE HOLDING COMPANY,

      Defendant.

_____

| ADAM L. KOCHENDERFER (P65757) | RICHARD W. PAIGE (P45199) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| Wolfson Bolton PLLC | Bush Seyferth & Paige PLLC |
| 3150 Livernois, Suite 275 | 3001 W. Big Beaver Road, Suite 600 |
| Troy, Michigan 48305 | Troy, Michigan 48084 |
| (248) 247-7102 | (248) 822-7800 |
| akochenderfer@wolfsonbolton.com | paige@bsplaw.com |

_____/

**DEFENDANT'S ANSWER TO COMPLAINT,
<u>AFFIRMATIVE DEFENSES AND JURY DEMAND</u>**

Defendant TRW Automotive Holding Company ("TRW"), through its attorneys, Bush Seyferth & Paige PLLC, answers Plaintiff's Complaint as follows:

<u>**NATURE OF THIS PROCEEDING**</u>

      1.     TRW denies as untrue the allegations contained in paragraph 1 of Plaintiff's Complaint.

      2.     TRW denies as untrue the allegations contained in paragraph 2 of Plaintiff's Complaint.

      3.     TRW denies as untrue the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The allegations in paragraph 4 are legal conclusions to which no response is required. To the extent a response is deemed required, TRW denies as untrue the allegations of paragraph 4.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is deemed required, TRW denies as untrue the allegations of paragraph 4.

6. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. TRW admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. TRW admits that Gibbs is obligated to supply to TRW certain component parts pursuant to the terms and conditions of purchase orders issued to and accepted by Gibbs. TRW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. TRW admits that Gibbs has supplied to TRW component parts nos. 30372409, 34032999 and 34062301 pursuant to the terms and conditions of purchase orders issued to and accepted by Gibbs.

10. TRW admits that it purchased component part nos. 30372409, 34032999 and 34062301 for the purpose of incorporating them into assemblies sold by TRW to its customers. TRW denies as untrue the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. TRW denies as untrue the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. TRW admits that it issued to Gibbs and that Gibbs accepted the purchase orders attached as Exhibit A to Plaintiff's Complaint. In further answer, TRW states that the purchase orders speak for themselves. TRW denies as untrue the allegations contained in paragraph 12 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

13. TRW admits that it issued amendments to the purchase orders for component part nos. 30372409, 34032999 and 34062301 and that the amended purchase orders were accepted by Gibbs. TRW denies as untrue the allegations contained in paragraph 13 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

14. TRW admits that it issued amendments to the purchase orders for component part nos. 30372409, 34032999 and 34062301 and that the amended purchase orders were accepted by Gibbs. TRW denies as untrue the allegations contained in paragraph 14 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

15. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. TRW admits that it issued amendments to the purchase orders for component part nos. 30372409, 34032999 and 34062301 and that the amended purchase orders were accepted by Gibbs. TRW denies as untrue the allegations contained in paragraph 14 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

17. TRW admits that the purchase orders for component part nos. 30372409, 34032999 and 34062301 are subject to the TRW Automotive Terms and Conditions of Purchase, as revised or amended from time to time, which are located at https://vin.livmi.trw.com.

18. TRW denies as untrue the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.   TRW admits that the purchase orders for component part nos. 30372409, 34032999 and 34062301 are subject to the TRW Automotive Terms and Conditions of Purchase attached as Exhibit B to Plaintiff's Complaint. In further answer, TRW states that the Terms and Conditions of Purchase speak for themselves.

20.   TRW admits that the purchase orders for component part nos. 30372409, 34032999 and 34062301 are subject to the TRW Automotive Terms and Conditions of Purchase attached as Exhibit B to Plaintiff's Complaint. In further answer, TRW states that the Terms and Conditions of Purchase speak for themselves. TRW denies as untrue the allegations contained in paragraph 20 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

21.   TRW denies as untrue the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.   TRW denies as untrue the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.   TRW admits that it sought piece-price reductions from Gibbs because Gibbs' pricing was not competitive. TRW denies as untrue the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.   TRW denies as untrue the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.   TRW denies as untrue the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.   TRW denies as untrue the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     TRW denies as untrue the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     TRW denies as untrue the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     TRW admits that it issued amendments to the purchase orders for component part nos. 30372409, 34032999 and 34062301 and that the amended purchase orders were accepted by Gibbs. TRW denies as untrue the allegations contained in paragraph 29 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

30.     TRW admits that it issued amendments to the purchase orders for component part nos. 30372409, 34032999 and 34062301 and that the amended purchase orders were accepted by Gibbs. TRW denies as untrue the allegations contained in paragraph 29 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

31.     TRW denies as untrue the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     TRW denies as untrue the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     TRW denies as untrue the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     TRW denies as untrue the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     TRW denies as untrue the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. TRW denies as untrue the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. TRW denies as untrue the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. TRW states that the correspondence attached as Exhibit F to Plaintiff's complaint speaks for itself and denies as untrue the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. TRW denies as untrue the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. TRW admits that Gibbs supplied part nos. 30372409, 34032999 and 34062301 pursuant to purchase orders issued by TRW, as amended from time to time, which were subject to TRW's Terms and Conditions of Purchase. TRW denies as untrue the remaining allegations contained in paragraph 40 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

41. TRW denies as untrue the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. TRW denies as untrue the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. TRW denies as untrue the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. TRW denies as untrue the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. TRW denies as untrue the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. TRW denies as untrue the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. TRW admits that it received the correspondence attached as Exhibit G to Plaintiff's Complaint and that such correspondence speaks for itself. TRW denies as untrue the remaining allegations contained in paragraph 47 of Plaintiff's Complaint.

48. TRW admits that it received the correspondence attached as Exhibit H to Plaintiff's Complaint and that such correspondence speaks for itself. TRW denies as untrue the remaining allegations contained in paragraph 48 of Plaintiff's Complaint.

49. TRW denies as untrue the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. TRW denies as untrue the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. TRW denies as untrue the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. TRW denies as untrue the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. TRW denies as untrue the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. TRW denies as untrue the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. TRW denies as untrue the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. TRW denies as untrue the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. TRW denies as untrue the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. TRW denies as untrue the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. TRW admits the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. TRW denies as untrue the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. TRW denies as untrue the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. TRW denies as untrue the allegations contained in paragraph 62(a)-(c) of Plaintiff's Complaint.

63. TRW admits the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. TRW admits the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. TRW denies as untrue the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. TRW denies as untrue the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. TRW denies as untrue the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. TRW denies as untrue the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. TRW denies as untrue the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. TRW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint.

76. TRW denies as untrue the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. TRW denies as untrue the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. The allegations in paragraph 78 are legal conclusions to which no response is required. To the extent a response is deemed required, TRW denies as untrue the allegations of paragraph 78.

79. The allegations in paragraph 79 are legal conclusions to which no response is required. To the extent a response is deemed required, TRW denies as untrue the allegations of paragraph 79.

## COUNT ONE
## BREACH OF CONTRACT – UNILATERAL PRICE REDUCTIONS

80. TRW incorporates by reference its answers to paragraphs 1 through 79 of Plaintiff's Complaint.

81. TRW admits that the purchase orders for part numbers 30372409, 34032999 and 34062301 are valid and binding contracts. In further answer, TRW states that it performed its obligations under the purchase orders. TRW denies as untrue the allegations contained in paragraph 81 of Plaintiff's Complaint to the extent they are inconsistent with the foregoing.

82. TRW denies as untrue the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. TRW denies as untrue the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. TRW denies as untrue the allegations contained in paragraph 84 of Plaintiff's Complaint.

WHEREFORE, TRW requests that the Court dismiss Plaintiff's claims against it with prejudice, award TRW all costs, expenses, and attorney's fees to which it is entitled, and award any and all other relief to which TRW is entitled at law or in equity.

## COUNT TWO
## UNJUST ENRICHMENT – UNILATERAL PRICE REDUCTIONS

85. TRW incorporates by reference its answers to paragraphs 1 through 84 of Plaintiff's Complaint.

86. TRW admits the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. TRW denies as untrue the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. TRW denies as untrue the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. TRW denies as untrue the allegations contained in paragraph 89 of Plaintiff's Complaint.

90. TRW denies as untrue the allegations contained in paragraph 90 of Plaintiff's Complaint.

91. TRW denies as untrue the allegations contained in paragraph 91 of Plaintiff's Complaint.

WHEREFORE, TRW requests that the Court dismiss Plaintiff's claims against it with prejudice, award TRW all costs, expenses, and attorney's fees to which it is entitled, and award any and all other relief to which TRW is entitled at law or in equity.

## COUNT THREE
## BREACH OF CONTRACT – FAILURE TO REPLACE WORN TOOLING

92. TRW incorporates by reference its answers to paragraphs 1 through 91 of Plaintiff's Complaint.

93. TRW denies as untrue the allegations contained in paragraph 93 of Plaintiff's Complaint.

94. TRW denies as untrue the allegations contained in paragraph 94 of Plaintiff's Complaint.

95. TRW denies as untrue the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. TRW denies as untrue the allegations contained in paragraph 96 of Plaintiff's Complaint.

WHEREFORE, TRW requests that the Court dismiss Plaintiff's claims against it with prejudice, award TRW all costs, expenses, and attorney's fees to which it is entitled, and award any and all other relief to which TRW is entitled at law or in equity.

## COUNT FOUR
## UNJUST – ENRICHMENT – WORN TOOLING

98. TRW incorporates by reference its answers to paragraphs 1 through 97 of Plaintiff's Complaint.

99. TRW admits the allegations contained in paragraph 99 of Plaintiff's Complaint.

100. TRW denies as untrue the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. TRW denies as untrue the allegations contained in paragraph 101 of Plaintiff's Complaint.

102. TRW denies as untrue the allegations contained in paragraph 102 of Plaintiff's Complaint.

103. TRW denies as untrue the allegations contained in paragraph 103 of Plaintiff's Complaint.

104. TRW denies as untrue the allegations contained in paragraph 104 of Plaintiff's Complaint.

105. TRW denies as untrue the allegations contained in paragraph 105 of Plaintiff's Complaint.

WHEREFORE, TRW requests that the Court dismiss Plaintiff's claims against it with prejudice, award TRW all costs, expenses, and attorney's fees to which it is entitled, and award any and all other relief to which TRW is entitled at law or in equity.

BUSH SEYFERTH & PAIGE PLLC
Attorneys for Defendant


By: /s/ Richard W. Paige
      Richard W. Paige (P45199)
3001 W. Big Beaver, Suite 600
Troy, MI 48084
(248) 822-7800
paige@bspaw.com

Dated: May 3, 2013

### AFFIRMATIVE DEFENSES

Defendant TRW Automotive Holding Company ("TRW"), through its attorneys, Bush Seyferth & Paige PLLC, for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel or waiver.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's first substantial breach.

4. Plaintiff's claims are barred, in whole or in part, by satisfaction.

5. Plaintiff's claims are barred, in whole or in part, by setoff.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages.

7. TRW reserves the right to amend its Affirmative Defenses as additional facts become known to it through discovery.

WHEREFORE, TRW requests that the Court dismiss Plaintiff's claims against it with prejudice, award TRW all costs, expenses, and attorney's fees to which it is entitled, and award any and all other relief to which TRW is entitled at law or in equity.

BUSH SEYFERTH & PAIGE PLLC
Attorneys for Defendant


By: /s/ Richard W. Paige
Richard W. Paige (P45199)
3001 W. Big Beaver, Suite 600
Troy, MI 48084
(248) 822-7800
paige@bsplaw.com

Dated: May 3, 2013

## JURY DEMAND

Defendant TRW Automotive Holding Company demands a jury on all issues so triable.

BUSH SEYFERTH & PAIGE PLLC
Attorneys for Defendant


By: /s/ Richard W. Paige
Richard W. Paige (P45199)
3001 W. Big Beaver, Suite 600
Troy, MI 48084
(248) 822-7800
paige@bsplaw.com

Dated: May 3, 2013

14

## CERTIFICATE OF SERVICE

     I hereby certify that on May 3, 2013, I electronically filed **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPANY, AFFIRMATIVE DEFENSES AND JURY DEMAND** with the Clerk of the Court using the ECF System, which will send notification to all ECF counsel of record.

                                           /s/ Richard W. Paige  
                                           Richard W. Paige (P45199)