**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Gibbs Die Casting Corp.,

    Plaintiff                      Case No. 4:13-CV-11236

vs.                                  Hon. Terrence G. Berg

TRW Automotive Holding Company,      Magistrate Judge Mona K. Majzoub

    Defendant.
_____/

### REPORT OF PARTIES' CONFERENCE PURSUANT TO FED. R. CIV. 26(F)

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on Friday, May 24, 2013 by telephone. It was participated in by:

Adam Kochenderfer of Wolfson Bolton PLLC for Plaintiff Gibbs Die Casting Corp. ("Plaintiff"); and

Richard W. Paige of Bush Seyferth & Paige PLLC for Defendant TRW Automotive Holding Company ("Defendant").

This report is submitted as the required report of that conference. The parties jointly propose to the Court and agree to the following:

(1)     The Plaintiff will make Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 21, 2013.

(2)     Defendant will make Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 21, 2013.

(3)     <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan:

    (a)     Discovery may be sought on the following subjects simultaneously or separately:

        (i)     Facts related to Plaintiff's claims, including the parties' contracts, any changes in piece prices Defendant paid to Plaintiff, and tooling Plaintiff used to produce parts for sale to Defendant.

        (ii)     Facts related to the defenses and affirmative defenses asserted by Defendant.

        (iii)     Facts related to communications between and among representatives of Plaintiff, Defendant, and any of their affiliates relating to the claims, defenses, and/or affirmative

defenses in this case.

(b) All fact discovery commenced in time to be completed by December 15, 2013.

(c) All expert discovery commenced in time to be completed by February 15, 2014.

(d) Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

(e) Maximum of 25 requests for admission by each party to any other party. [Responses due 30 days after service.]

(f) Maximum of 7 lay depositions by each party.

(g) Each deposition limited to maximum of 7 hours of testimony unless extended by agreement of parties.

(h) Reports from retained experts under Rule 26(a)(2) will be exchanged by January 15, 2014.

(i) Supplementations under Rule 26(e) due within 10 days of learning of need to supplement and not later than 10 days prior to the deadline for submission of the Joint Pre-Trial Order.

(4) Other Agreed Upon Items.

(a) All potentially dispositive motions should be filed by April 30, 2014.

(b) The parties should be allowed until June 28, 2013 to join additional parties and amend the pleadings.

(c) The proceeding should be ready for trial by August 1, 2014. The trial is expected to take approximately 3 trial days.

(d) Jury Trial Matters.

A jury trial was timely demanded and not waived.

(5) Summary of Dispute.

(A) Plaintiff's Summary:

Purchase orders between the parties required that Plaintiff produce certain component parts for sale to Defendant at specific prices. In or around July 2010, Defendant unilaterally announced that it would pay Plaintiff prices lower than those stated in the governing purchase orders without Plaintiff's consent. Plaintiff immediately protested in numerous e-mails, letters, and negotiations, and continued attempting to resolve Defendant's breach of contract. Defendant's refusal to pay the prices stated in the parties' binding contracts has caused damages of at least $2,162,066.97.

{00013220.DOCX } 2

Separately, Defendant provided tooling to Plaintiff for use in the production of component parts sold to Defendant. Plaintiff notified Defendant at an early stage that the tooling was becoming severely worn past its usable lifespan, and warned that Defendant's failure to replace the tooling would dramatically reduce output. Nevertheless, Defendant failed to timely replace the tooling and argued that Plaintiff was responsible for replacement despite no contractual basis. Defendant eventually admitted its responsibility by replacing the tooling, but Plaintiff suffered damages of at least $1,119,981.62 in the interim due to production problems that the worn tooling caused.

(B) Defendant's Summary:

Gibbs agreed to supply components to TRW pursuant to the terms and conditions of purchase orders issued by TRW. The purchase orders required Gibbs to remain competitive in pricing at all times, and permitted TRW to terminate the purchase orders at any time for its convenience. After Gibbs supplied TRW for a period of time, TRW learned that Gibbs's pricing was no longer competitive and requested price reductions from Gibbs. In February 2010, Gibbs agreed to the price reductions. TRW thereafter issued amended purchase orders to reflect the new pricing. Over the next three years, Gibbs continued to ship the components to TRW and TRW paid the agreed upon price. TRW did not breach the purchase orders. In addition, Gibbs's claims are barred because, among other things, Gibbs failed to reserve its rights when it learned of TRW's purported breach, but instead waited to institute this action until production on these components was nearing an end and TRW could not re-source their supply at the favorable pricing TRW could have obtained in 2010.

As to Gibbs's claim relating to tooling, TRW has paid to Gibbs all amounts incurred by Gibbs as a result of worn tooling. Moreover, the purchase orders expressly state that Gibbs must protect, preserve, repair and maintain the tools in accordance with sound industrial practice, all at Gibbs' expense. Finally, the purchase orders expressly preclude recovery by Gibbs of damages for its alleged production problems.

(6) <u>Discovery Disputes and Anticipated Motions</u>.

The parties are not currently aware of any discovery disputes or anticipated motions.

(7) <u>Matters not agreed upon or insufficiently addressed by the foregoing</u>.

None.

                        Respectfully submitted,

                        WOLFSON BOLTON LLP
                        Attorneys for Plaintiff

                        By:    /s/ Adam L. Kochenderfer
                                Scott A. Wolfson (P53194)

        Adam L. Kochenderfer (P65757)
        3150 Livernois, Suite 275
        Troy, Michigan  48083
        (248) 247-7102
        akochenderfer@wolfsonbolton.com

BUSH SEYFERTH & PAIGE PLLC
Attorneys for Defendant

By:  /s/ Richard W. Paige
      Richard W. Paige (P45199)
      3001 W. Big Beaver Road
      Suite 600
      Troy, Michigan  48083
      (248) 822-7800
      paige@bsplaw.com

Dated: May 29, 2013